By the Court.—Curtis, Ch. J.
It appears that at the time of the commencement of the action, and at all times thereafter, the plaintiff did not reside in the city and county of New York, but in the county of Kings, nor did he have any place for the transaction of business in the city and county of New York.
The right to examine the plaintiff as a witness before trial, and the power of the court to order such examination, depends entirely upon the provisions of sections 870 to 876, inclusive, of the Code of Civil Procedure. The latter section is as follows: i( Where a person to be examined as prescribed in this *422 article is a resident of the State, he shall not be required to attend in any county other than that in which he resides, or where he has an office for the regular transaction of business in person. Where he is not a resident, he shall not be required to attend in any other county than that wherein he is served with a subpoena, unless, for special reasons stated in the affidavit, the order otherwise directs.”
The words “where he is not a resident,” in this latter section, when read in connection with the preceding sentence, show that it is a non-resident of the State that is referred to, and not a non-resident of the county. This reading is alone consistent with the language of the preceding sentence, and with the two restrictions therein contained. It, is, besides, but reasonable to .consider 'that the legislature, if it had intended to place the superior city courts upon a different basis from the supreme court in relation to this remedy, would have distinctly expressed it.
The question arises for the first time before the court, and hardly calls for the awarding of costs to either party.
The order appealed from should be reversed, without costs, and the order for plaintiff’s examination vacated, without costs.
Freedman, J., concurred.